**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4644**

───────────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

JADONAVAN O'BRYANT JOHNSON,

    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:24-cr-00163-WO-1)

───────────────

Submitted:  May 22, 2025                          Decided:  May 27, 2025

───────────────

Before KING, AGEE, and WYNN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Thomas M. King, Salisbury, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jadonavan O'Bryant Johnson appeals his conviction and the 33-month sentence imposed following his guilty plea to attempted escape from custody, in violation of 18 U.S.C. § 751(a). On appeal, Johnson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the adequacy of the district court's sentencing explanation and the substantive reasonableness of the sentence. Though notified of his right to do so, Johnson has not filed a pro se supplemental brief. The Government has declined to file a response brief. We affirm.

We review Johnson's sentence for both procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). In evaluating procedural reasonableness, we consider whether the district court adequately explained the sentence. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the [18 U.S.C. § 3553(a)] factors . . . ." *Id.* at 519 (cleaned up). In other words, the court "must conduct an individualized assessment" by applying the § 3553(a) factors "to the particular defendant" being sentenced. *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (internal quotation marks omitted).

While serving a federal sentence, Johnson escaped from federal custody for three months by leaving a residential reentry center without permission. He soon found work at a non-profit organization, which, he argued, somewhat mitigated his culpability. Johnson

2

also noted that he had support from family and friends and had started taking educational classes while incarcerated. However, the district court was unpersuaded, emphasizing that Johnson committed another crime after his escape, namely, possession of a firearm by a convicted felon. The court also highlighted Johnson's substantial criminal history and numerous prison disciplinary infractions, making clear that any positive sentencing factors were grossly outweighed by the need to protect the public, to afford adequate deterrence, and to reflect the seriousness of the offense. Based on our review of the record, we are satisfied that the court sufficiently explained its reasons both for rejecting Johnson's arguments for a shorter sentence and for running Johnson's sentence consecutively to his undischarged state and federal sentences.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* Here, the district court triggered the presumption by imposing a sentence within the properly calculated Guidelines range of 27 to 33 months' imprisonment, and we discern nothing in the record to rebut the presumption.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the

3

Supreme Court of the United States for further review.  If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*